IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; and PALLAVI GOGOI | § § § § | |
| Movants, | § | |
| v. | § § | Civ. Action No. 4:20-MC-0036-ALM |
| CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, INC. | § § § | Ancillary to Civ. Action No. 4:18-CV-00442-ALM |
| Respondent. | § § | |

_____

| | | |
|---|---|---|
| DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; and PALLAVI GOGOI | § § § § | |
| Movants, | § | |
| v. | § § | Civ. Action No. 4:20-MC-0038-ALM |
| KIM SAMS | § § § | Ancillary to Civ. Action No. 4:18-CV-00442-ALM |
| Respondent. | § § | |

**SUR-REPLY OF CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, LLC
AND KIM SAMS TO MOVANTS' REPLIES IN SUPPORT OF
MOTIONS TO COMPEL CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, LLC
AND KIM SAMS TO COMPLY WITH FED. R.CIV.P. 45 SUBPOENA**

**TO THE HONORABLE JUDGE AND MAGISTRATE JUDGE
OF SAID COURT:**

Come now Chapwood Capital Investment Management, LLC ("Chapwood") and Kim

Sams ("Sams" with Chapwood and Sams being together referred to as "Respondents") and file

this their Sur-reply to Movants' Reply in Support of Motion to Compel Chapwood Investment

Management, LLC to Comply with Fed. R. Civ. P. 45 Subpoena (the "Chapwood Reply" and

"Chapwood Motion", respectively) and Movants' Reply in Support of Motion to Compel Kim

Sams to Comply with Fed. R. Civ. P. 45 Subpoena (the "Sams Reply" and the Sams Motion", respectively) and states the following:

## INTRODUCTORY STATEMENT

The following documents are cited to, and are relevant with respect to this Surreply:

The Chapwood Motion

The Sams Motion

The Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, served on Chapwood Capital Investment Management, LLC (the "Chapwood Subpoena", Doc. 13)

The Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, served on Kim Meyers Sams (the "Sams Subpoena", Doc 12")

The Affidavit of Kim Sams in Support of Response of Chapwood Capital Investment Management, LLC and Kim Sams to Motions to Compel Chapwood Capital Investment Management, LLC and Kim Sams to Comply with Fed.R.Civ.P. 45 Subpoena (the "Sams Affidavit")

The Chapwood Reply

The Sams Reply

The principal actors with respect to this Surreply are Ed Butkowsky ("Butkowsky"), Plaintiff in Civ. Action No. 4:18-CV-0442-ALM to which the actions captioned in this Surreply are ancillary and Kim Sams ("Sams").

## SAMS' SUR-REPLY

Movants served the Sams Subpoena on Sams purportedly in her individual capacity under Fed. Rule 45. In the Sams Subpoena, Movants requested production of the documents identified in Exhibit A to the Sams Subpoena (the "Sams Documents") from Sams.[1]

Contemporaneously with service of the Sams Subpoena, Movants served the Chapwood Subpoena on Butowsky in his capacity as as the "Authorized Representative" of Chapwood. In the Chapwood Subpoena, Movants requested production of the documents identified in Exhibit

---

1 Sams Motion, Exhibit 1-A to Declaration of Wesley D. Lewis.

**Sur-Reply to Replies to Response of Chapwood Investment Management, LLC and
Kim Sams to Motions to Compel**                                                                      **Page 2**

A to the Chapwood Subpoena.(the "Chapwood Documents") from Chapwood.[2]

The Sams Motion sought to enforce the Sams Subpoena against Sams and to compel her response to the Sams Subpoena by producing the Sams Documents.[3] Sams directly replied to the allegations of the Sams Motion and her inability to produce any of the Sams Documents in the Sams Affidavit.[4]

Having had the opportunity to review and evaluate the testimony of Sams in the Sams Affidavit with respect to the Sams Documents, Movants' make no protestations in the Sams Reply to her testimony with respect to her response to the Sams Subpoena.[5] Instead, Movants refer to and rely upon the document requests in Exhibit A to the *Chapwood* Subpoena in complaining about Sams' response to the *Sams* Subpoena!

Movants' complaints about Sams' testimony and produced documents annexed to the Sams Affidavit are wholly irrelevant to the Sams Affidavit. Movants' arguments in the Sams Reply are substantially (and likely identical) duplicative of the arguments made against Chapwood in the Chapwood Response.[6]

Movanats raise no objection or complaint to Sams' testimony with respect to the requests made of Sams in the Sams Subpoena. Movants' purposein filing the Sams Reply is a mystery to Sams. The only conclusion that the Court can reach with respect to the Sams Subpoena is that Sams' response to the Sams Subpoena, as contained the Sams Affidavit, is satisfactory to Movants.

---

[2] Chapwood Motion, Exhibit B to Exhibit 1 annexed to Declaration of Laura Lee Prather at App. 017.
[3] Movants made no effort in the Sams Motion to Compel to enforce any of the terms of the Chapwood Subpoena against Sams, either in her individual capacity or as a designated corporate representative of Chapwood.
[4] Sams Affidavit at ¶3.
[5] In fact, fn. 1 to the NPR-Sams Response states Movant "…is only pursuing the *subpoena to her* in her official capacity as Chapwood's President (emphasis supplied). Footnote 1 to the NPR-Chapwood Response makes the identical statement.
[6] Sams/NPR Reply, Exhibit B.

**Sur-Reply to Replies to Response of Chapwood Investment Management, LLC and
Kim Sams to Motions to Compel**                                                                                      **Page 3**

**CHAPOOD SUR-REPLY**

Having disposed of any issues relating to the Sams Subpoena, Chapwood and Sams now address Movants' displeasure with Sam's response to the Chapwood Subpoena.  The Chapwood Subpoena was served on Butowsky, as the "Authorized Representative" of Chapwood.[7]  By serving Butowsky with the Chapwood Subpoena, Movants presumably looked to Butkowsky to respond to the demands made therein.

By necessity, Sams (and not Butowsky) responded to the Chapwood Subpoena and the Chapwood Motion as the designated corporate representative of Chapwood.[8]  Movants' have not objected to Sams testifying in such capacity, but are displeased with the documents she produced (or, more precisely, the documents Sams failed to produce) on Chapwood's behalf.

From the time the Chapwood Subpoena was served, Butowsky was experiencing severe back pains and underwent several surgeries.  It was impossible for him to respond to the Chapwood Subpoena.[9]  Chapwood believes that Movants were aware of Butowsky's condition.

Sams has been working at home while caring for her two school-age children throughout the coronavirus pandemic period of sheltering. Throughout the underlying Seth Rich saga, Sams has been a bystander and largely uninvolved in formulation and prosecution of Butowsky's loss of value claims against Movants  Yet, as the co-owner of Chapwood, Sams found herself to be in the unenviable position of being forced to act in Butowsky's stead to make an initial response to the Chapwood Subpoena once the Chapwood Motion was filed.

Movants' Chapwood Response (and the largely identical Sams Response) openly acknowledge Butowsky's failure to respond to the discovery requests made of him.  Chapwood presumes these requests cover most, if not all of the documents requested in the Chapwood

---

7. See, "Return of Service" of Adil Tadli attached as App. 017 to the Chapwood Motion.
8. Affidavit of Kim Sams, Exhibit A to Chapwood's Response to Movant's  Chapwood Motion.
9. There is some indication that Butowsky's then-acting lead counsel did not diligently pursue or encourage him to timely respond to the Chapwood Subpoena.  Chapwood was not represented with respect to the Chapwood Subpoena until its undersigned counsel was retained to appear on its behalf in the Northern District to urge transfer of the Chapwood Motion to this District.

Subpoena.  Movants do not explain their failure to obtain Butowsky's compliance with these requests.  Movants have instead chosen to pursue Sams as Butowsky's surrogate in these matters and to improperly harass her to produce documents she does not have.

Sams' response to the Chapwood Subpoena (i) reflects her limited knowledge of the underlying facts giving rise to Butowsky's damage claims against Movants (the exception being Sams' limited email conversations with one client identified in the exhibits to the Sams Affidavit); (ii) evidences the limitations on her access to relevant documents resulting from her at-home sheltering; and (iii) impliedly acknowledges her steadfastness in choosing to be uninvolved in any part of the Seth Rich saga or in the pursuit of claims for the loss of her investment value in Chapwood resulting from Movants' disputes with Butowsky.

## CONCLUSION

Movants have made no complaint with Sams' failure to produce any documents in the categories identified in the Sams Subpoena. Movants' complaints with respect to Sams' responses to the production requests in the Chapwood Subpoena are hollow.  Movants did little or nothing to pursue production of these documents from Butowsky's prior lead counsel and have made no effort to engage Butowsky's current counsel in their quest. Sams did what she could be reasonably expected to do to respond to the Chapwood Subpoena but cannot produce documents outside of her reach and now, beyond the boundaries of her sequester.  Each of Movants' Motions to Compel should be overruled.

Dated May 10, 2020 at Arlington, Texas.

**Respectfully submitted,**

**/s/ John E. Leslie**
**John E. Leslie**
**State Bar No. 12231400**

>JOHN LESLIE | PLLC
>1805 West Park Row Drive, Suite C
>Arlington, Texas 76013
>(817) 505-1291 or (817) 405-7700 Phone
>(817) 505-1292 Fax
>arlingtonlaw@aol.com email
>
>**ATTORNEYS FOR CHAPWOOD CAPITAL INVESTMENT, LLC and KIM SAMS**

**CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing Response was electronically submitted to the Clerk of the U.S. District Court for the Eastern District of Texas, using the electronic case filing system and served on all other counsel of record via ecf/Pacer on May 11, 2020.

>**/s/ John E. Leslie**
>**John E. Leslie, certifying attorney**