# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI, | § § § § § § | |
| Movants, | § | CIVIL ACTION NO. 4:20-MC-00038-ALM |
| v. | § § § | |
| KIM SAMS, | § § § § | *Ancillary to* CIVIL ACTION NO. 4:18-CV-00442-ALM (E.D. Tex.) |
| Respondent. | § | |

**[REDACTED] REPLY TO RESPONDENT'S RESPONSE TO MOTION TO COMPEL KIM SAMS TO COMPLY WITH FED. R. CIV. P. 45 SUBPOENA**

NPR's motion is not, as Chapwood alleges, "moot." Chapwood admits that it waived all objections to NPR's Subpoena, and therefore must produce all responsive documents. Yet, Sams's declaration makes clear that Chapwood did not even collect documents from Butowsky, Chapwood's majority owner (who sued NPR for $60million) and is the custodian most likely to have responsive materials. Dkt. 16 at 5. And Chapwood's production consists of merely eight pages. NPR knows additional documents exist. For example, Chapwood's former Chief Compliance Officer, whose declaration is attached, outlines the responsive documents kept in the ordinary course of business. *See, e.g.,* Suhr Decl. ¶¶ 3-4. And, documents received from third parties show that Butowsky communicated about Seth Rich-related matters on his Chapwood email account, as discussed below.[1]

Further, Chapwood's lawsuit against Schwab includes images of and quotes from documents relevant to Butowsky's alleged damages here, including the Investor Manager Services Agreement that Schwab purportedly terminated after reading NPR's allegedly defamatory statements and the letters Schwab allegedly published explaining that termination. *See* Compl., *Chapwood Capital Inv. Mgmt., LLC v. Charles Schwab Corp.*, 4:18-cv-287-RAS, Dkt. 1 (April 23, 2018). Chapwood has been obligated to preserve these documents—which NPR's Subpoena requested—at least since Chapwood sued Schwab on April 23, 2018.[2] *Id.* Either Chapwood failed to diligently search for additional responsive documents, or it failed to preserve them. Assuming the former, the Court should require Chapwood to perform a good-faith search of documents and

---

[1] While NPR doubts Sams thoroughly searched her own documents to comply with her personal subpoena obligations, it is only pursuing the subpoena to her in her official capacity as Chapwood's President. Sams's Declaration only addresses her search of her "personal records" and items in her "individual possession, custody or control" in response to the Sams Subpoena [Dkt. 15 at 5, ¶ 3] but does not address whether she searched her business records, including emails, and whether she possesses responsive documents in her professional capacity.

[2] Butowsky failed to timely serve Schwab and his case was terminated on August 6, 2018; however, Butowsky re-filed his claims against Schwab on August 3, 2018. *See Chapwood Capital Inv. Mgmt., LLC v. Charles Schwab Corp.*, 4:18-cv-548-ALM-KPJ. By then, Butowsky had already sued NPR in this action.

**REPLY TO RESPONDENT'S RESPONSE TO MOTION TO COMPEL KIM SAMS**
**TO COMPLY WITH FED. R. CIV. P. 45 SUBPOENA**                                                    Page 1

email accounts, including those Butowsky controls.  The latter would lead to a spoliation motion.

## I.  ARGUMENT

### A.    Chapwood gives no adequate reason why NPR's motion should be denied.

Chapwood presents no legal reason why NPR's motion should be denied.  In fact, Chapwood admits that it "waived [its] right to object" to NPR's Subpoena.  Dkt. 15 at 2.  Chapwood's only argument is that its eight-page production satisfies its obligations, but as shown below, Sams's accompanying declaration proves that Chapwood's approach is deficient.

### B.    Chapwood's deficient search did not find responsive documents NPR knows exist.

Sams's declaration provides no details about what she considers to be Chapwood's "business records" or how she searched those records.  Whatever her search methodology, the search included important omissions.  *See Moore v. Napolitano*, 723 F. Supp. 2d 167, 172–73 (D.D.C. 2010) ("Once a plaintiff uncovers such evidence that the defendant failed to search in particular locations . . . it necessarily falls to the defendant, the party with superior knowledge of its own records, to show the reasonableness of its decisions regarding where and how to search.").

*First*, Sams, as Chapwood's representative (and President), did not collect *any* documents from Butowsky himself.  Though Butowsky's emails are available through Chapwood's Smarsh archival system,[3] Sams's declaration states that, through her counsel she "asked Butowsky to provide me with copies of any [responsive] documents . . . I have received no documents."  Dkt. 15 at 5.  Given Chapwood's archival system and that Butowsky is founder and managing partner, any search that fails to collect his custodial Chapwood documents is deficient.[4]  *Quintel Tech. Ltd. v. Huawei Techs. USA, Inc.*, No. 4:15-CV-307-AM-CMC, 2017 WL 3712346, at *3 (E.D. Tex.

---

[3] Suhr Decl., ¶ 3(a); *Rich v. Butowsky*, 1:18-cv-681-RJL, Dkt. 93-8 at 2 (D.D.C. Dec. 30, 2019) (According to Butowsky's lawyers in the related *Aaron Rich* case, Butowsky's Chapwood emails are archived on Smarsh.).
[4] Similar requests were made of Butowsky and are the subject of a pending Motion to Compel.  Dkt. 85.

**REPLY TO RESPONDENT'S RESPONSE TO MOTION TO COMPEL KIM SAMS**
**TO COMPLY WITH FED. R. CIV. P. 45 SUBPOENA**                                                                                    **Page 2**

June 29, 2017) (Craven, M.J.) (granting motion to compel reasonable search and collection from additional custodians when defendant conceded it did not collect documents from them).

*Second*, Sams's assertion that Chapwood possesses no documents showing its yearly income is not credible. *Id.* at 6. As a registered investment advisor, Chapwood is legally required to keep ledgers reflecting its income. 17 CFR § 275.204-2(a)(2); Suhr Decl., ¶ 3(b) (stating that as of September 2019, Chapwood kept financial information in Quickbooks and filed annual tax returns). *Third*, Chapwood's former Chief Compliance Officer declared that, at least as of September 2019 when she left Chapwood, it maintained a list of the reasons why each customer closed their accounts and all complaints, which was particularly important because Chapwood was under an SEC audit during Suhr's tenure. Suhr Decl., ¶¶ 3(c), (f).

In addition, NPR has gathered additional evidence regarding Chapwood's possession of emails and Schwab-related documents.

### 1. *Chapwood has responsive emails to or from Butowsky's Chapwood address.*

NPR has collected other evidence that responsive documents exist—or at least existed at one time. ██████████ ██████████ ██████████ *See, e.g.* Exs. A, B, C; Dkt. 13-1 at 13. ██████████ ██████████ ██████████ ██████████ *See, e.g.* Exs. D, E. According to both Butowsky's own lawyers and Chapwood's former Chief Compliance Officer, Chapwood emails are archived on the Smarsh system, typically used for financial advisory

compliance purposes.[5]  Therefore, Chapwood should have access to these communications and be required to produce them in response to NPR's Subpoena.

### 2. *Chapwood has documents about its relationship with Schwab that relate to Butowsky's claim for damages in this case.*

In his lawsuit against NPR, Butowsky alleges that NPR's defamatory statements led Schwab to terminate Chapwood's Investment Manager Services Agreement, causing Butowsky "enormous loss of business."  Sec. Am. Comp., *Butowsky v. Folkenflik*, 4:20-MC-00036-ALM, Dkt. 72, ¶ 11 (E.D. Tex. Sept. 30, 2019).  Chapwood included screen shots of that agreement in its suit against Schwab.  Compl., *Chapwood Capital Inv. Mgmt., LLC v. Charles Schwab Corp.*, 4:18-cv-548-ALM-KPJ, Dkt. 1 at 6, 7 (Aug. 3, 2018).  That same complaint also quotes letters that Schwab allegedly sent to Chapwood customers regarding Schwab's termination of the Services Agreement.  *Id.* at ¶ 23.  As of September 2019, those documents existed.  Suhr Decl., ¶ 3(d). Chapwood also had documents about its effort to find another broker-dealer and custodian for Chapwood's accounts once Schwab terminated the Services Agreement.  *Id.*, ¶ 3(e).

Chapwood's production includes none of these documents.  In fact, Sams declares that she could not find those documents after a diligent search of Chapwood's business records.  Dkt. 16 at 6, ¶¶ 6.3, 6.5, 6.8.  Chapwood has been obligated to preserve these documents at least since Chapwood sued Schwab on April 23, 2018. Chapwood is also required to keep "written agreements (or copies thereof) entered into by the investment adviser . . . relating to the business of such investment adviser."  17 CFR § 275.204-2(a)(2).  Either Chapwood failed to diligently search for documents or it failed to preserve them.  Assuming Chapwood has not committed spoliation, the requested documents must exist in Chapwood's business records.

---

[5] *See* fn. 3, *supra.*

**REPLY TO RESPONDENT'S RESPONSE TO MOTION TO COMPEL KIM SAMS
TO COMPLY WITH FED. R. CIV. P. 45 SUBPOENA**                                                                                              **Page 4**

### C.     Chapwood must search Butowsky's custodial documents and email account.

Sams's declaration provides no details about what she did to perform a "diligent and thorough search" of Chapwood's business records. Dkt. 16 at 5. But, as set forth above, there is significant evidence that Sams's search was neither diligent nor thorough. Chapwood should search Butowsky's and Sams's custodial documents, including their Chapwood email accounts and files. At a minimum, the documents described herein—for which there is proof that they exist and reason to believe Chapwood still maintains them—should be produced.

## II. CONCLUSION

NPR originally served Chapwood with the Subpoena on November 18, 2019. Almost six months later—after (i) Chapwood's failure to respond to the subpoena, even after an extension of time; (ii) a motion to compel filed in the Northern District of Texas, and a failure to respond to the motion; and (iii) a re-urged motion in this District, and Chapwood's failure to respond within fourteen days—Chapwood produces only eight pages of documents and declares its search complete. Even a cursory review of Chapwood's lawsuit shows that cannot be true. Chapwood should, finally, be required to produce documents responsive to each of NPR's requests, this time including Butowsky's and Sam's emails and custodial files.

DATED: May 8, 2020

        Respectfully submitted,

        **HAYNES AND BOONE, LLP**

By:*/s/ Laura Lee Prather*
Laura Lee Prather
State Bar No. 16234200
laura.prather@haynesboone.com
Wesley D. Lewis
State Bar No. 24106204
wesley.lewis@haynesboone.com
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:     (512) 867-8400
Telecopier:     (512) 867-8470

David H. Harper
State Bar No. 09025540
david.harper@haynesboone.com
Stephanie Noelle Sivinski
State Bar No. 24075080
stephanie.sivinski@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone:     (214) 651-5000
Telecopier:     (214) 651-5940

*Attorneys for Movants*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on May 8, 2020, the foregoing document was electronically submitted to the Clerk of the U.S. District Court for the Eastern District of Texas, using the electronic case filing system and served on all counsel of record via email.

                                              */s/ Laura Lee Prather*
                                              Laura Lee Prather

## CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), Movants certify that a motion to seal the document has been filed separately and immediately prior to this Reply.

                                              */s/ Laura Lee Prather*
                                              Laura Lee Prather