# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI <br><br> V. <br><br> CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, LLC | Civil Action No.  4:20-mc-00036 <br> Judge Mazzant/Magistrate Judge Craven <br><br> *Ancillary to* No. 4:18-cv-442-ALM-CMC |

| | |
|---|---|
| DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI <br><br> V. <br><br> KIM SAMS | Civil Action No.  4:20-mc-00038 <br> Judge Mazzant/Magistrate Judge Craven <br><br> *Ancillary to* No. 4:18-cv-442-ALM-CMC |

## ORDER

The above-referenced miscellaneous causes of action were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636.  The following motions are before the Court:

> **Movants' Motion to Compel Chapwood Capital Investment Management, LLC to Comply With FED. R. CIV. P. 45 Subpoena (Cause No. 4:20-mc-36, Docket Entry # 13); and**

> **Movants' Motion to Compel Kim Sams to Comply With FED. R. CIV. P. 45 Subpoena (Cause No. 4:20-mc-38, Docket Entry # 12).**

The court, having carefully considered the relevant briefing, is of the opinion the motions should be **GRANTED**.

## BACKGROUND

In related action 4:18-cv-442, Ed Butowsky ("Butowsky"), a Dallas investment advisor, filed suit against National Public Radio, Inc. ("NPR"), its senior media correspondent, David Folkenflik ("Folkenflik"), and certain former and current executive editors at NPR (Edith Chapin, Leslie Cook, and Pallavi Gogoi, jointly and severally) (referred to collectively herein as "Movants" or "NPR"), asserting claims for defamation, business disparagement, and civil conspiracy. *See* Second Am. Compl., *Butowsky v. Folkenflik, et al.*, No. 4:18-CV-00442-ALM-CMC (E.D. Tex. Sept. 30, 2019), Docket Entry # 72. As stated in Butowsky's Second Amended Complaint, Butowsky founded Chapwood Capital Investment, L.L.C. ("Chapwood"), a "private wealth management advisory firm," in 2005. *Id.*, ¶ 9. Chapwood provides "comprehensive financial counseling and investment advice to wealthy families and individuals." *Id.* Butowsky alleges that NPR's publication of certain news articles caused "the termination and loss of Chapwood's Investment Manager Service Agreement with Charles Schwab," as well as additional "loss of clients." *Id.*, ¶ 11. In turn, these alleged losses purportedly resulted in damages to Butowsky, which he seeks to recover in his lawsuit against NPR.

## THE MOTIONS

For several months, NPR has sought to obtain discovery from Butowsky regarding damages he allegedly sustained to his personal and professional reputation and to Chapwood, his wealth management business. NPR asserts Butowsky has repeatedly promised but failed to produce evidence in support of his financial damages claims.[1] According to NPR, NPR's subpoenas issued to Chapwood and its managing partner Kim Sams ("Sams") pursuant to Rule 45 of the Federal Rules

---

[1] The Court notes that contemporaneously herewith, the Court is entering an Order in 4:18-cv-442 granting in part and deferring in part Defendants' Motion to Compel Discovery (Docket Entry # 85).

of Civil Procedure have been met with silence. Cause No. 4:20-mc-36, Docket Entry # 13 at p. 2. In two motions to compel, both supported by exhibits,[2] NPR provides the following background.

On November 15, 2019, NPR issued a subpoena to Chapwood pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Chapwood Subpoena"), seeking documents related to the damages allegedly suffered by Chapwood. According to the terms of the Chapwood Subpoena, Chapwood was required to produce documents at the Dallas, Texas offices of Haynes and Boone, L.L.P. by December 6, 2019 at 12:00 p.m. Chapwood failed to respond to the Subpoena.

On November 21, 2019, NPR issued a subpoena to Sams pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Sams Subpoena"), seeking documents related to the damages allegedly suffered by Chapwood, as well as other documents related to any lawsuit filed by or against Butowsky or Chapwood. According to the terms of the Subpoena, Sams was required to produce documents at the Dallas, Texas offices of Haynes and Boone, L.L.P. by December 12, 2019 at 12:00 p.m. Sams failed to timely respond or object to the Sams Subpoena. After Sams failed to appear and did not produce any documents in response to the subpoena, counsel for NPR attempted to contact Sams to discuss her failure to comply, but she did not respond.

After Sams again failed to respond or object to the Sams Subpoena, Defendants filed a Motion to Compel Sams in the Northern District of Texas, the location of compliance. On February 6, 2020, while that motion was pending, Butowsky emailed Defendants, claiming to represent both Chapwood and Sams. Butowsky attached a document entitled "Documents Requested," which appeared to respond to Movants' document requests to Sams. "Other than Mr. Butowsky's late and

---

[2] In support of NPR's motion to compel regarding Chapwood, NPR attaches the Declaration of Laura Lee Prather ("Prather Decl."). In support of NPR's motion to compel regarding Sams, NPR attaches the Declaration of Sally Davis ("Davis Decl.") and the Declaration of Wesley D. Lewis ("Lewis Decl.").

inadequate response, Sams herself has not responded to any of Movant's attempts to communicate regarding her failure to comply . . . and has not substantively responded to the subpoena." Lewis Decl., ¶ 8.

NPR asserts the subpoenas are proper and seek relevant information; Chapwood and Sams waived their right to object to the subpoenas; and the Court should compel Chapwood and Sams to promptly produce documents responsive to the subpoenas.

## LEGAL STANDARDS

*Scope of discovery*

Federal Rule of Civil Procedure 26(b) provides that the permissible scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." *Matter of AET, Inc., Ltd.*, No. 1:10-CV-51, 2018 WL 4201264, at *2 (E.D. Tex. June 8, 2018) (quoting FED. R. CIV. P. 26(b)(1)). In the Eastern District of Texas, Local Rule CV-26 also provides guidance in considering whether information is relevant for discovery. The rule provides information is relevant if:

>(1) it includes information that would not support the disclosing parties' contentions;
>
>(2) it includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;
>
>(3) it is information that is likely to have an influence on or affect the outcome of a claim or defense;

>(4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and
>
>(5) it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense.

*Matter of AET*, 2018 WL 4201264, at *2 (quoting E.D. Tex. Local Rule CV-26(d)). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Matter of AET*, 2018 WL 4201264, at *2 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947))).

Federal Rule of Civil Procedure 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." *Star Creek Ctr., L.L.C. v. Seneca Ins. Co., Inc.*, No. 4:17-CV-00607, 2018 WL 1934084, at *1 (E.D. Tex. Apr. 23, 2018) (quoting FED. R. CIV. P. 37(a)(1)). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Star Creek*, 2018 WL 1934084, at *1 (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

The federal rules follow a proportionality standard for discovery. *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2020 WL 1866075, at *1 (E.D. Tex. Apr. 14, 2020) (citing FED. R. CIV. P. 26(b)(1)). Under this requirement, the burden falls on both parties and the Court to consider the proportionality

of all discovery in resolving discovery disputes. *Id*. (citing FED. R. CIV. P. 26(b)(1), advisory committee note (2015)). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

### *Subpoenas*

Federal Rule of Civil Procedure 45 governs discovery from non-parties through the issuance of subpoenas. *Zamora v. GC Servs., L.P.*, No. EP-15-CV-00048-DCG, 2017 WL 1861843, at *3 (W.D. Tex. Feb. 17, 2017) (citing FED. R. CIV. P. 45 advisory committee's notes to 2013 amendment (In Rule 45, "'person' is substituted for 'party' because the subpoena may be directed to a nonparty."); also citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2456 (3d ed) ("The subpoena duces tecum is the only way to compel a nonparty to produce documents or other materials.")). As with any other forms of discovery, the scope of discovery through a Rule 45 subpoena is governed by Rule 26(b). *Zamora v*, 2017 WL 1861843, at *3 (citing *Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437 CFD, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007)).

Objections to a Rule 45 subpoena to produce documents "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B). The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("When a party fails to object timely to interrogatories, production requests, or

other discovery efforts, objections thereto are waived.").

Rule 45 distinguishes between the court where the action is pending that issued the subpoena (the "Issuing Court"), and the court for the district where compliance is required (the "Compliance Court"). *HomeVestors of Am., Inc. v. Big State Home Buyers, L.L.C.*, No. 3:18-CV-865-B, 2018 WL 10425909, at *1 (N.D. Tex. June 22, 2018) (citing FED. R. CIV. P. 45(a)(2), (d)(3), (f); also citing *Diamond Consortium, Inc. v. Manookian*, 2016 WL 9275972, at *2 (E.D. Tex. Oct. 25, 2016) (citing *Trover Grp., Inc. v. Dedicated Micros USA*, 2015 WL 11117083, at *1 (E.D. Tex. Mar. 27, 2015))). Under Rule 45, the Compliance Court has responsibility for matters relating to the enforcement of the subpoena, including motions to quash or modify a subpoena. *HomeVestors*, 2018 WL 10425909, at *1(citing FED. R. CIV. P. 45(d)(3)). The Issuing Court lacks authority under Rule 45 to address motions to quash unless (i) the Issuing Court is also the Compliance Court, or (ii) the Compliance Court transfers the motion to the Issuing Court. *HomeVestors*, 2018 WL 10425909, at *1(citing FED. R. CIV. P. 45(d)(3), (f)). The Issuing Court thus has no authority, in the first instance, to rule on motions to quash or modify a subpoena where it is not also the Compliance Court. *HomeVestors*, 2018 WL 10425909, at *.1

The Eastern District of Texas issued the subpoena at issue in this case. NPR properly filed the motions to compel in the Northern District of Texas where Respondents' compliance with the subpoenas is required. Magistrate Judge Rutherford found "exceptional circumstances warrant transfer of Petitioners' Motion "to avoid disrupting the issuing court's . . . management of the underlying litigation." Transfer Order at p. 5. Accordingly, Movants' motions are now before this Court.

**DISCUSSION**

Following the Northern District of Texas' transfer of the above matter, NPR filed the above motions in this Court on March 16, 2020. After being ordered to so do, Chapwood and Sams (collectively, "Respondents") filed a combined response to the motions on May 5, 2020. (Cause No. 4:20-mc-36, Docket Entry # 16) (Cause No. 4:20-mc-38, Docket Entry # 15). NPR filed a combined reply, and Respondents filed a combined surreply.

In Respondents' response, "Chapwood and Sams acknowledge and stipulate that they have each waived their right to object to either of the Subpoena(s) served on them." According to the response, Sams, in her individual capacity and as the designated corporate representative, served on Movants all of the documents within her possession, custody and control responsive to the subpoenas (the "Produced Documents"). In her attached affidavit, Sams represents she has no documents within her possession, custody and control responsive to the subpoenas other than the Produced Documents.[3] To the extent that additional documents responsive to the subpoenas come into the possession of Sams, she represents she will produce them to Movants. Respondents assert the motions to compel have been rendered moot by Respondents' response and production of

---

[3] In the Affidavit of Kim Sams ("Sams Aff."), Sams states she made a diligent and thorough search of Sams' personal records, and found no documents in Sams' individual possession, custody or control that are responsive to any of the requests made of me in the Sams Subpoena. Sams Aff., ¶ 3. In Sams' individual capacity, Sams has "no right to demand possession of any documents responsive to any of the requests made in the Sams Subpoena that may be in the possession of another person." *Id.*

Sams currently serves as the President of Chapwood and is a stockholder and member of the Board of Directors of Chapwood, having to all of the business records of Chapwood. *Id.*, ¶ 4. In this regard, Sams made a diligent and thorough search of the business records of Chapwood and found no documents in Chapwood's business records that are responsive to any of the requests made in the Chapwood Subpoena other than those contained in the attached Exhibit A-1. *Id.*

Sams asked Butowsky to provide her with copies of any documents responsive to any of the requests in the subpoenas and received nothing. *Id.*, ¶ 5. Sams has been unable to locate any documents or communications produced by Chapwood in any litigation, FINRA proceeding, NASD Dispute Resolution, or arbitration since January 1, 2009. *Id.*, ¶ 6.2.

documents.

The Court disagrees. Sams was served with the Sams Subpoena on November 22, 2019. Her deadline to object was December 6, 2019—fourteen days after the Subpoena was served. Sams did not timely object. Sams was required to produce documents at the Dallas, Texas office of Haynes and Boone, L.L.P. on December 12, 2019 at 12:00 p.m. Sams failed to do so. In fact, Sams has failed to personally respond to the Sams Subpoena, despite NPR's counsel's attempts to contact her to discuss her noncompliance. *See* Lewis Decl., ¶ 5. The only communication NPR had received regarding the Subpoena was from Butowsky and was untimely. *Id.*, ¶ 7. Sams acknowledges she waived all objections to the Sams Subpoena. Having admittedly waived her right to object to the Sams Subpoena, the Court grants NPR's motion to compel and orders Sams, to the extent she has not already done so, to produce to NPR, within twenty (20) days from the date of entry of this Order, all documents responsive to the Sams Subpoena in her possession, custody or control.

The Court now considers the Chapwood Subpoena, which is the focus of NPR's reply. In its reply, NPR states Sams' affidavit makes clear that Chapwood did not even collect documents from Butowsky, Chapwood's majority owner (who sued NPR for $60million in 4:18-cv-442) and is the custodian most likely to have responsive materials. According to NPR, Chapwood's production consists of merely eight pages. NPR knows additional documents exist. For example, Chapwood's former Chief Compliance Officer, whose declaration is attached, outlines the responsive documents kept in the ordinary course of business. Suhr worked at Chapwood from September 2015 until September 2019 and was serving as Chapwood's Chief Compliance Officer at the time of her departure. Declaration of Amy Suhr ("Suhr Decl."), ¶ 2. In her role as Chief Compliance Officer, among other things, Suhr regularly gathered information for Securities Exchange Commission

9

("SEC") filings, including Chapwood's Form ADV filings. *Id.* (stating ADV filings and brochures require information about the investment adviser's business, ownership, clients, employees, business practices, affiliations, and any disciplinary events of the adviser or its employees). She also maintained a spreadsheet of clients who had left Chapwood which included the reasons for their departure. *Id.* Finally, Suhr worked in a general operations role, assisting with client relations. *Id.*

Based upon her experience as Chief Compliance Officer, Suhr believes responsive documents and communications exist (or at least did at the time of my departure in September 2019) and are not included in Exhibit A. The following paragraphs outline the basis for my belief, as of September 2019:

> a. Chapwood archives all of its emails on the Smarsh system, an online offsite cloud-based storage system, and should still have access to all of those emails.
>
> b. Chapwood keeps its financials on Quickbooks and files annual tax returns, both of which would reflect net income.
>
> c. As Chapwood's Chief Compliance Officer, Suhr retained a list of Chapwood clients and a spreadsheet of clients who had cancelled their accounts with the reasons for the clients' cancellation. Much of this information is required by the SEC. This was particularly important during Suhr's tenure, since Chapwood was under an SEC audit while she worked for Chapwood.
>
> d. As Chapwood's former Chief Compliance Officer, Suhr is aware of communications with Charles Schwab and its representatives concerning its consideration and ultimate decision to terminate Chapwood's Investment Manager Services Agreement in 2017.
>
> e. As Chapwood's former Chief Compliance Officer, Suhr is aware of communications between Chapwood and other companies, including TD Ameritrade, attempting to find another broker-dealer and custodian for Chapwood's assets after Schwab terminated its agreement with Chapwood.
>
> f. While Suhr was at Chapwood, the company retained copies of all lawsuits and complaints.

*Id.*, ¶ 3. In addition to the responsive documents listed above, while Suhr was at Chapwood, she witnessed and/or was aware of Butowsky tape recording many conversations while he was at work that would fall within the purview of the documents requested. *Id.*, ¶ 4.

NPR further asserts documents received from third parties show that Butowsky communicated about Seth Rich-related matters on his Chapwood email account. Additionally, NPR asserts Chapwood's lawsuit against Schwab includes images of and quotes from documents relevant to Butowsky's alleged damages here, including the Investor Manager Services Agreement that Schwab purportedly terminated after reading NPR's allegedly defamatory statements and the letters Schwab allegedly published explaining that termination. *See* Compl., *Chapwood Capital Inv. Mgmt., L.L.C. v. Charles Schwab Corp.*, 4:18-cv-287-RAS, Dkt. 1 (April 23, 2018). According to NPR, Chapwood has been obligated to preserve these documents—which NPR's Chapwood Subpoena requested—at least since Chapwood sued Schwab on April 23, 2018.[4] NPR argues either Chapwood failed to diligently search for additional responsive documents, or it failed to preserve them.

NPR contends Sams' declaration provides no details about what she considers to be Chapwood's "business records" or how she searched those records. Sams, as Chapwood's representative (and President), did not collect any documents from Butowsky himself. According to NPR, Sams' assertion that Chapwood possesses no documents showing its yearly income is not credible because as a registered investment advisor, Chapwood is legally required to keep ledgers reflecting its income. What is more, Chapwood's former Chief Compliance Officer declared that, at least as of September 2019 when she left Chapwood, it maintained a list of the reasons why each

---

[4] Butowsky failed to timely serve Schwab and his case was terminated on August 6, 2018; however, Butowsky refiled his claims against Schwab on August 3, 2018. *See Chapwood Capital Inv. Mgmt., L.L.C. v. Charles Schwab Corp.*, 4:18-cv-548-ALM-KPJ. By then, Butowsky had already sued NPR in 4:18-cv-442.

customer closed their accounts and all complaints, which was particularly important because Chapwood was under an SEC audit during Suhr's tenure. Suhr Decl., ¶¶ 3(c), (f). Finally, NPR states it has gathered additional evidence regarding Chapwood's possession of emails and Schwab-related documents. NPR asserts Chapwood should be required to produce documents responsive to each of NPR's requests, this time including Butowsky's and Sam's emails and custodial files.

In their surreply, Respondents state the Chapwood Subpoena was served on Butowsky, as the "Authorized Representative" of Chapwood, which indicates Movants presumably looked to Butkowsky to respond to the demands made therein. According to Respondents, from the time the Chapwood Subpoena was served, Butowsky was experiencing severe back pains and underwent several surgeries and it was impossible for him to respond to the Chapwood Subpoena. Pointing out Movants' response acknowledges Butowsky's failure to respond to the discovery requests made of him, Chapwood presumes these requests cover most, if not all, of the documents requested in the Chapwood Subpoena.

NPR originally served Chapwood with the Subpoena on November 18, 2019. Almost six months later—after (i) Chapwood's failure to respond to the subpoena, even after an extension of time; (ii) a motion to compel filed in the Northern District of Texas, and a failure to respond to the motion; and (iii) a re-urged motion in the Eastern District of Texas, and Chapwood's failure to respond within fourteen days—Chapwood produced only eight pages of documents and declared its search complete. According to NPR, even a cursory review of Chapwood's lawsuit shows that cannot be true. NPR has also presented evidence, set forth above, indicating there are relevant documents and reason to believe Chapwood still maintains them.

Considering this, and further considering Chapwood has admittedly waived any objection

to the Chapwood Subpoena, the Court grants NPR's motion to compel and orders Chapwood to search Butowsky's and Sams' custodial documents, including their Chapwood email accounts and files.

The Court notes that Butowsky's counsel in 4:18cv442 has represented to the Court that "he is capable of insuring that all of the Plaintiff's accounts and devices are thoroughly searched." Docket Entry # 140 at p. 1.The Court expects the anticipated forensic examination discussed in the contemporaneous order entered in 4:18cv442 will include a search of both Butowsky's and Sams' custodial documents, including their Chapwood email accounts and files, and a production by Butowsky's counsel of documents responsive to the Chapwood and Sams Subpoenas.

Accordingly, it is

**ORDERED** that Movants' Motion to Compel Chapwood Capital Investment Management, LLC to Comply With FED. R. CIV. P. 45 Subpoena (Cause No. 4:20-mc-36, Docket Entry # 13) and Movants' Motion to Compel Kim Sams to Comply With FED. R. CIV. P. 45 Subpoena (Cause No. 4:20-mc-38, Docket Entry # 12) are **GRANTED as set forth herein**.

**SIGNED this 5th day of June, 2020.**

_/s/ Caroline M. Craven_
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE